197 F.2d 525
 52-2 USTC P 9383
 N. Paul KENWORTHY and Dorothy F. Kenworthy, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Thomas KENWORTHY, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
N. Paul KENWORTHY, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Thomas KENWORTHY, III, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Thomas KENWORTHY, and Marie Kenworthy, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Thomas KENWORTHY, III, and Mary Wells Kenworthy, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 10719-10724.
 United States Court of Appeals Third Circuit.
 Argued June 18, 1952.
Decided June 30, 1952.
 
 James A. Moore, Philadelphia, Pa. (Richard C. Sorlien, Ernest Scott, Philadelphia, Pa., Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., on the brief), for petitioners.
 Harry Marselli, Washington, D.C. (Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, I. Henry Kutz, Sp. Assts. to Atty. Gen., on the brief), for respondent.
 Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The issue raised by these petitions to review decisions of the Tax Court determining the income tax liability of the petitioners for the years 1947 and 1948 is whether the court erred in holding that the entire sum of $227,623.46 paid by the partnership of Thos. Kenworthy's Sons, of which the male petitioners are members, to Oscar A. Fow, a former partner, in connection with his assignment to the remaining partners of his interest in the partnership, was a capital expenditure. The petitioners' contention is that $70,000 of this amount was a business expense and deductible as such from their gross income for tax purposes. We think that the question whether under the circumstances of this case the $70,000 in controversy was paid to protect and preserve the partnership business from injury by an intemperate partner, as the petitioners contend or to purchase that partner's interest in the name and good will of the partnership, as the Government urges, is one of fact. The Tax Court resolved this question in favor of the Government. On this record we cannot say that the court's findings in this regard were clearly erroneous.
 
 
 2
 Accordingly the decisions of the Tax Court will be affirmed.